# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Danielle Lazazzao, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　-against-<br><br>Jones Naturals, LLC,<br><br>　　　　　　Defendant. | Case No: _____<br><br>[Removed from Supreme Court of the State of New York, Nassau County, Index No. 604672/2021] |

## NOTICE OF REMOVAL

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE THAT** Defendant Jones Naturals, LLC ("Jones") hereby removes this action from the Supreme Court of the State of New York, Nassau County to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Federal jurisdiction exists under the Class Action Fairness Act because this is a putative class action suit brought by Plaintiff, a citizen of New York, against Jones, a citizen of Illinois, involving a putative class of more than 100 members and an amount in controversy in excess of $5 million.  *See* 28 U.S.C. § 1332(d).  In accordance with 28 U.S.C. § 1446(a), a statement of the grounds for removal is set for below.

### I.　THE COMPLAINT

1.　Jones is a family-owned and operated producer of high-quality natural pet products sold under the brand names "Jones Naturals" or "The Country Butcher."  Jones is headquartered in Illinois, and all of its products are made in the United States from natural, domestically sourced ingredients.  Jones is subject to—and compliant with—multiple regulatory regimes promulgated by the FDA, the USDA, and state regulatory agencies, including the New

York Department of Agriculture and Markets. Jones operates in the wholesale market, meaning that it sells its product in bulk to independent, regional, and national retailers, who then sell those products to individual consumers.

2. On April 16, 2021, Plaintiff Danielle Lazazzao initiated this putative class action by filing a Summons and Class Action Complaint entitled *Lazazzao v. Jones Naturals, LLC*, Index No. 604672/2021, in the Supreme Court of the State of New York for the County of Nassau. Plaintiff advances claims under sections 349 and 350 of New York's General Business Law, as well as claims for breach of express warranty and unjust enrichment, premised on her allegations that certain aspects of the labeling of Jones' products are misleading. Plaintiff purports to represent a putative class of "all consumers who purchased the Products anywhere in the United States," seeking, among other things, an injunction and damages "in the amount of the price they paid for the Products." (Compl. ¶¶ 33, 77.)

3. Jones became aware of the lawsuit on April 20, 2021, when it was served with a copy of the Class Action Complaint. True and correct copies of the Summons and Class Action Complaint are attached as **Exhibit A**.

## II.    JURISDICTION AND VENUE

4. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), and this action may therefore be removed pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this District embraces Nassau County, where the underlying state court action was filed.

      **A.**      **The Court Has Jurisdiction Over this Action Pursuant to the Class Action Fairness Act**

5. "CAFA provides the federal district courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)). This case satisfies each of those requirements.

      **1.**      **This Case Is a Putative Class Action**

6. CAFA applies to putative class actions, including "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1), (d)(2). In the Class Action Complaint, Plaintiff describes the case as a "class action under Article 9 of the CPLR" and purports to represent "herself and Class Members," which she defines to include "all consumers who purchased the Products anywhere in the United States" during "the applicable statute of limitations period." (Compl. ¶¶ 3, 4, 33, 36.)

7. Because Plaintiff brought this action under the class action provisions of the New York Civil Practice Law and Rules, it satisfies CAFA's putative class action requirement.

      **2.**      **The Putative Class Contains Over 100 Class Members**

8. CAFA next requires that the putative class contain over 100 members. 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied when the party asserting federal jurisdiction demonstrates a "reasonable probability" that, if certified, the putative class would contain more than 100 members. *See, e.g., Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 353 (S.D.N.Y. 2019).

9. Plaintiff purports to represent a class of "all consumers who purchased the Products anywhere in the United States during the Class Period." (Compl. ¶ 33.) Plaintiff also "seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the State of New York at any time during the Class Period." (Compl. ¶ 34.) Plaintiff defines the "Class Period" as "the applicable statute of limitations period." (Compl. ¶ 4.)

10. As detailed in the Declaration of Laura Jones ("Jones Decl." attached hereto as **Exhibit B**), who serves as Jones' Chief Operating Officer, Jones sold more than 200,000 products bearing the challenged labelling across the United States during the applicable limitations period, which were purchased by thousands of individual consumers. (Jones Decl. ¶ 6.) This case therefore satisfies CAFA's requirement that there exist a reasonable probability that the putative class consist of more than 100 members.

### 3. The Amount in Controversy Exceeds $5 Million

11. This action is frivolous, and each of Plaintiff's claims is entirely without merit for reasons that Jones looks forward to litigating. But for the purposes of determining whether a putative class action satisfies CAFA's amount-in-controversy requirement, courts inquire into the maximum amount of potential liability without regard to the merits of plaintiff's claims. *See, e.g., Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 252 (S.D.N.Y. 2013) (collecting cases).

12. "To establish the requisite amount in controversy for CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d), a defendant must 'show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'" *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)). Once the removing party makes such a showing, the amount-in-

controversy requirement is satisfied unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Bank v. Hydra Grp. LLC*, 433 F. App'x 50 (2d Cir. 2011). "In addition, the Court must construe all ambiguities and draw all reasonable inferences in favor of the party asserting federal jurisdiction." *Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P.*, 588 F. Supp. 2d 329, 334 (E.D.N.Y. 2008).

13. "To 'determine whether the matter in controversy' exceeds [CAFA's $5 million threshold], 'the claims of the individual class members shall be aggregated.'" *Standard Fire*, 568 U.S. at 592 (quoting 28 U.S.C. § 1332(d)(6)). The "Second Circuit ha[s] held . . . that the value of the claims is measured from the plaintiff's perspective" for the purposes of calculating the amount in controversy for the purposes of CAFA. *Alicea v. Cir. City Stores, Inc.*, 534 F. Supp. 2d 432, 435 (S.D.N.Y. 2008) (citing *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271 (2d Cir. 2006)). Where, as here, plaintiffs allege that they were injured in the amount of the price they paid for the products, courts in this Circuit measure the amount in controversy under CAFA as the "full retail price paid." *Ebin v. Kangadis Food Inc.*, No. 13-cv-2311, 2013 WL 3936193, at *3 (S.D.N.Y. July 26, 2013); *see also Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp.2d 519, 540 (E.D.N.Y. 2006) ("[A] buyer may obtain a refund of the purchase price from a manufacturer for breach of an express warranty.").

14. Here, there is far more than a "reasonable probability" that the aggregate claims of the putative class exceed $5 million. While the Complaint fails to state a specific damages number, Plaintiff presses her claim for breach of express warranty on behalf of a putative nationwide class and seeks damages "in the amount they paid for the Products" over the four-year limitations period.[1] (Compl. ¶ 77.) That is, she seeks the full retail price of all of the

---

[1] The limitations period for a claim for breach of express warranty is four years. *See Atik v. Welch Foods, Inc.*, No. 15-cv-5405, 2016 WL 11480151, at *7 (E.D.N.Y. Aug. 5, 2016), report and recommendation adopted, No. 15-cv-

challenged Jones products sold nationwide for the four years preceding the filing of the Complaint. The retail sales of the challenged products during the four year period preceding the filing of this action totaled between approximately $10 million and approximately $12 million—far above CAFA's $5 million threshold. (Jones Decl. ¶ 7.) Plaintiff also seeks injunctive relief; while the purported value of the requested relief is unclear at this time, it is cognizable as part of the amount-in-controversy inquiry. *See Alicea*, 534 F. Supp. 2d at 435.

### 4.  Plaintiff is a Citizen of New York and Jones is a Citizen of Illinois

15. As relevant here, CAFA grants jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The Supreme Court and Second Circuit have referred to this as CAFA's "minimal diversity" requirement. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006); *see also Standard Fire*, 568 U.S. at 592, *Singer v. 3M Co.*, No. CV 17-6962, 2018 WL 3635074, at *3 (E.D.N.Y. June 27, 2018).

16. Here, Plaintiff alleges that, "at all times material hereto, [she] was a citizen of Nassau County, New York." (Compl. ¶ 30.) As required by Local Rule 81.1(1), Defendant notes that the Complaint does not include any additional allegations concerning Plaintiff's residence or domicile. Defendant understands the allegations in Paragraph 30 of the Complaint

---

5405, 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016). Plaintiff's claims under New York's General Business Law and for damages under a theory of unjust enrichment each carry three-year limitations periods. *See Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 452 (E.D.N.Y. 2007) ("New York courts have uniformly applied a three-year statute of limitations to [GBL] section 349 and section 350 cases."); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 364 (E.D.N.Y. 2015) ("Claims for unjust enrichment seeking monetary, as opposed to equitable, relief are governed by a three-year statute of limitations."). To the extent that Plaintiff purports to see injunctive relief under her claim for unjust enrichment, that claim is subject to a six-year limitations period. *See Matana v. Merkin*, 957 F. Supp. 2d 473, 494 (S.D.N.Y. 2013) (recognizing that for unjust enrichment claims, the "limitations period is six years where plaintiff seeks an equitable remedy, but three years where plaintiff seeks monetary damages") (citing *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (N.Y. App. Div. 2d Dept. 2007)).

to mean that Plaintiff is domiciled in, and therefore a citizen of, the State of New York. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile.").

17. "Although the Second Circuit has not yet given guidance as to an LLC's citizenship for purposes of CAFA jurisdiction, two United States Courts of Appeals have held that an LLC's citizenship under CAFA is determined by state of organization and principal place of business under section 1332(d)(10)." *Claridge v. N. Am. Power & Gas, LLC*, No. 15-CV-1261 PKC, 2015 WL 5155934, at *1 (S.D.N.Y. Sept. 2, 2015). Jones is organized under the laws of Illinois and has its principal place of business in Rockford, Illinois. (Jones Decl. ¶ 3.) Pursuant to Local Rule 81.1(2), Jones further states that its sole member is Jones Naturals Holdings, Inc., a Delaware corporation. (Jones Decl. ¶ 3.)

18. Because Plaintiff and Jones are citizens of different states, this case satisfies CAFA's minimal diversity requirements.

**B.     All Procedural Requirements are Satisfied**

19. 28 U.S.C. § 1441(a) allows civil actions brought in state court to be removed to the district court "embracing the place where such action is pending." The Complaint was filed in the Supreme Court for the State of New York for the County of Nassau. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

20. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1). Jones became aware of the lawsuit when it was served with the Complaint on April 20, 2021 and notice of removal must therefore be filed within 30 days of that date, or by May 20, 2021.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from state court are attached hereto as **Exhibit C**.

22. Defendants will serve written notice of the removal of this action upon all parties and will file such notice with the Clerk of the Supreme Court for the State of New York for the County of Nassau.

## CONCLUSION

WHEREFORE, Defendant Jones hereby removes this case from the Supreme Court of the State of New York, Nassau County to this Court.

Dated: May 19, 2021
New York, NY

Respectfully submitted,

 /s/ J. Noah Hagey

J. Noah Hagey
Christman Rice
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
hagey@braunhagey.com
rice@braunhagey.com

*Counsel for Jones Naturals, LLC*